UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL W. PETERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0719-CVE-SAJ |
| ) | |
| **TERMINIX INTERNATIONAL, INC.** and ) | |
| **THE TERMINEX INTERNATIONAL** ) | |
| **COMPANY LIMITED PARTNERSHIP,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendants' Opposed Motion for Leave to File Amended Answer and Affirmative Defenses and Brief in Support (Dkt. # 21). Defendants request leave of court to amend their answer to include an affirmative defense based on an arbitration agreement between the parties located during discovery.

### I.

Plaintiff was an employee of Terminex International, Inc. ("Terminex") from approximately November 2001 to January 2005. He alleges that he was present when "remarks of a sexual nature were made concerning himself and a female employee." Dkt. # 2, at 1. He claims that he reported the comments to a supervisor, because he felt that the statements constituted sexual harassment. After plaintiff reported the alleged sexual harassment, he claims that his employer changed the terms and conditions of his employment to a point that the workplace became intolerable. He states that Terminex terminated his employment on January 15, 2005. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and, following denial of his EEOC claim, he filed

a Title VII claim against Terminex alleging that he was fired in retaliation for engaging in protected activity.

Plaintiff filed this case on December 20, 2005, but he served the wrong defendant. On June 20, 2006, the Court ordered plaintiff to show cause why Terminex had not been served or his case would be dismissed. Plaintiff filed an amended complaint on July 25, 2006 and requested permission to serve Terminex out of time. The Court granted plaintiff's motion, and plaintiff properly served Terminex. Terminex answered on August 16, 2006. During discovery, Terminex was gathering documents to respond to plaintiff's interrogatories and requests for production, and defendant uncovered an arbitration agreement signed by plaintiff. The arbitration agreement stated:

> In the case of a dispute involving statutory rights, either party may initiate arbitration by notifying the other in writing within the time limit established by statute. . . . Failure to initiate arbitration within such one-year period, or the applicable statutory period, or such extended period as may be mutually agreed upon in writing, will constitute a waiver of any and all claims and such claims will be forever barred.

Dkt. # 21, Ex. B, at 1. Defendants interpret this provision to mean that plaintiff waived his Title VII claim by failing to initiate arbitration after receiving his right-to-sue letter from the EEOC. Plaintiff responds that the arbitration agreement applied only when plaintiff was still an employee, and cites the following provision:

> This Agreement will continue in full force and effect for the duration of the Employee's employment with the Company and shall continue thereafter until termination through a written instrument signed by both parties. This Agreement, however, does not extend or waive any statutes of limitations or other provisions of law that specify the time within which any claim must be brought.

Id. Plaintiff also argues that defendants waived an affirmative defense based on the arbitration agreement because defendants failed to plead this defense in their answer.[1]

**II.**

Defendants seek to amend their answer to add an affirmative defense based on an arbitration agreement between Terminex and plaintiff. Plaintiff objects on the ground that the proposed amendment would be futile, because the agreement was no longer in force following the termination of his employment. Terminex claims that the agreement is subject to differing interpretations, and it should be permitted to amend its answer to include this defense.

A defendant is required to affirmatively plead "any . . . matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). When a party omits an affirmative defense or discovers new evidence giving rise to a defense as discovery proceeds, the party must move to amend his pleadings under Fed. R. Civ. P. 15(a) to rely on that defense in a dispositive motion or at trial. Ahmad, 435 F.3d at 1202; Harris v. United States Dep't of Veterans Affairs, 126 F.3d 339, 345 (10th Cir. 1997). Rule 15(a) provides that "leave shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue

---

[1] Plaintiff summarily argues that defendants waived any defense based on the arbitration agreement under Fed. R. Civ. P. 12(h). This argument fails for two reasons. First, Rule 12(h) governs waiver of the seven affirmative defenses enumerated in the rule, but does not apply to all affirmative defenses. Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir. 1986). Second, defendants have shown that they were not aware of this defense when they filed a responsive pleading, and defendants should be permitted to assert new defenses as discovery progresses. Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006) (proper procedure to include new defense is to file motion to amend answer and amendment is generally permitted when the parties have become aware of the new defense during discovery). Plaintiff has not shown that a firm waiver rule is applicable under the circumstances and the Court will consider defendants's motion to amend.

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if it would be subject to dismissal pursuant to Fed. R. Civ. P. 12. Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999).

In this case, plaintiff argues that the proposed amendment would be futile because the arbitration agreement should not be interpreted to apply after his employment was terminated. Plaintiff claims that the term "termination" in the arbitration agreement is ambiguous, because it is not clear whether "termination" applies to an agreement ending plaintiff's employment or an agreement terminating the arbitration agreement itself. Defendant responds that the agreement unambiguously refers to the termination of the arbitration agreement, not plaintiff's employment. Plaintiff requests that the Court construe the terms of the agreement, and find that defendants' proposed defense based on the arbitration agreement would be futile.

Plaintiff's arguments are more properly the subject of a motion for summary judgment, and it would be premature for the Court to engage in an extended analysis of contract law at this preliminary stage.[2] Defendants have shown that the arbitration agreement is subject to more than one reasonable interpretation and, if plaintiff intends to challenge defendants' construction of the

---

[2] Although contract interpretation is a legal issue, plaintiff asserts that the contract is ambiguous. In such cases, the Court could consider extrinsic evidence concerning the intent of the parties and a motion for summary judgment would be the appropriate procedural device to consider plaintiff's argument. Pitco Production Co. v. Chaparral Energy, Inc., 63 P.3d 541, 545 (Okla. 2003); Fowler v. Lincoln County Conservation Dist., 15 P.3d 502 (Okla. 2000).

4

agreement, both the parties and the Court would benefit from more extensive briefing. When ruling on a motion to amend, the Court does not have to determine whether defendants' affirmative defense will ultimately prevail at trial but, rather, the amendment is futile if there are no set of facts upon which defendants could possibly prevail. Defendants have shown that there are disputed factual and legal issues concerning the proper interpretation of the arbitration agreement. At this point, the Court does not conclude that defendants' amendment would be futile, and leave to amend is granted.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion for Leave to File Amended Answer and Affirmative Defenses and Brief in Support (Dkt. # 21) is **granted**. Defendants shall file an amended answer **by January 26, 2007**.

**DATED** this 18th day of January, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT